Prepared by:
Daniel S. Mandel, Esq.
Law Offices of Mandel, Manganelli & Leider, P.A.
1900 NW Corporate Boulevard
Suite 305W
Boca Raton, Florida 33431

## MORTGAGE MODIFICATION AND EXTENSION AGREEMENT

**THIS MORTGAGE MODIFICATION AND EXTENSION AGREEMENT**, made and entered into this _____ day of September, 2018, by and between MERINOR MARC and JACQUELINE MARC, his wife, whose address is 6930 NW 47th Place, Lauderhill, FL 33319, (hereinafter referred to as the "Mortgagors") and WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V, whose address is c/o American Mortgage Investment Partners, 3020 Old Ranch Parkway, Suite 180, Seal Beach, CA 90740 (hereinafter referred to as the "Mortgagee").

### WITNESSETH:

**WHEREAS**, as evidence of a debt, Mortgagors did on July 20, 2007, make, execute and deliver to First NLC Financial Services, LLC d/b/a The Lending Center, a Promissory Note ("Promissory Note") in the original principal sum of $333,000.00; and

**WHEREAS**, as security for the repayment of the aforesaid Promissory Note, the Mortgagors did on July 20, 2007, make, execute and deliver to MERS as nominee for First NLC Financial Services, LLC d/b/a The Lending Center, a certain Mortgage ("Mortgage") which was recorded on August 6, 2007 in Official Records Book 44428, Page 877 of the Public Records of Broward County, Florida, and encumbering the following lands situate, lying and being in Broward County, Florida, to wit:

> LOT 124, BLOCK 4, OF BOULEVARD WOODS NORTH, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 101, PAGE 5, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA
>
> **Street address: 6930 NW 47th Place, Lauderhill, FL 33319**

**WHEREAS**, as a result of a default by the Mortgagors under the terms of the Note and Mortgage, as modified, a foreclosure action was commenced in the Circuit Court of Broward County, Florida, and

**WHEREAS**, Mortgagee is the current owner and holder of the aforesaid Note and Mortgage and related Final Judgment of Foreclosure dated June 25, 2014 by virtue of an assignment thereof; and

**WHEREAS**, pursuant to an agreement between Mortgagors and Mortgagee, the maturity date under the original loan shall be extended through and including September 1, 2058, subject to the modified terms as set forth herein; and

**WHEREAS**, the aforementioned Note and Mortgage provide for renewals and extensions, and further gives the Mortgagee the right to modify, extend or renew the outstanding indebtedness without risk or loss or priority of its lien position in case there are any junior liens existing against the aforesaid mortgaged property at any time of such modification, renewal or extension; and

**WHEREAS**, the parties hereto wish to modify and extend the terms of the aforesaid Note and Mortgage pursuant to the terms and conditions set forth herein, and to reduce all of their prior and contemporaneous understanding to writing.

**NOW, THEREFORE**, in consideration of the sum of TEN AND 00/100 DOLLARS ($10.00) paid by each of the parties hereto to the other, receipt of which is acknowledged by execution of this Mortgage Modification and Extension Agreement, and in further consideration of the mutual covenants hereinafter contained, THE PARTIES HERETO DO HEREBY AGREE AS FOLLOWS:

### I. PRESENT PRINCIPAL BALANCE

The parties hereto do hereby stipulate and agree that the unpaid principal balance on the aforedescribed Note is $222,780.16 as of September 1, 2018.

### II. INTEREST PAID TO

The parties hereto hereby stipulate and agree that interest on the aforedescribed Note has been paid to August 31, 2018.

### III. MODIFICATION OF INTEREST

The parties hereto do hereby stipulate and agree that the interest rate as set forth in the aforedescribed Note shall be modified and amended to provide for a fixed rate of interest of 5.50%.

### IV. MODIFICATION OF REPAYMENT TERMS

The parties hereto do hereby stipulate and agree that the time for repayment of the aforedescribed indebtedness, be and the same is amended, modified and extended (to be memorialized by the execution and delivery of an Amended and Restated Promissory Note) so that the present principal balance of the aforedescribed indebtedness, as set forth in paragraph I above, together with interest thereon at the rate set forth in paragraph III above shall be due and payable in the following manner.

Monthly payments of principal and interest in the amount of $1,149.03 shall be due and payable commencing on the 1st day of October, 2018 and continuing on the 1st day of each successive month until October 1, 2058 (the Maturity Date) at which time the entire unpaid principal balance and any unpaid and accrued interest shall become due and payable in full. Interest payments hereunder are computed based upon fixed rate of 5.50% per annum.

## V. DELETION OF ESCROW

Notwithstanding any prior requirements for the payment of escrowed amounts by the Mortgagors, there will be no subsequent requirement for the Mortgagors to pay sums into an established escrow account. As a result, the Mortgagors stipulate and agree that they will pay all real property taxes, insurance premiums, and homeowners/condominium assessments (if applicable) if and when they come due. In this regard, Mortgagors shall provide to Mortgagee proof of payment of real property taxes on or before March 31st of each calendar year. Further, Mortgagors shall provide to Mortgagee written proof that all insurances required by the Mortgagee are in full force and effect, with no lapses in coverage and that all premiums thereon have been paid in full. Any default under this paragraph shall constitute a default under the Note and Mortgage.

## VI. COVENANT OF NO LIENS

The Mortgagors covenant that from the date of the recordation of the aforesaid Mortgage, up until the date of these presents, that no liens have been recorded that would in any way effect the priority of the mortgage lien securing Mortgagee's loan. Further, the Mortgagors covenant that the recordation of the within agreement will not disturb or impair the validity of the liens of the said mortgage, and that there are no unrecorded labor, mechanics, or materialmen's liens against said mortgaged property.

## VII. MORTGAGORS HAVE NO DEFENSES AND RELEASE TO MORTGAGEE

Mortgagors stipulate and acknowledge that there exists no defenses to the collection and enforceability of the Note and any collateral documents securing said Note;

and, to the extent that the Mortgagors may have defenses to Mortgagee's collection and enforcement of the Note and any collateral documents securing said Note, Mortgagors acknowledge that as a material inducement for Mortgagee to execute this Mortgage Modification and Extension Agreement, the Mortgagors do hereby waive and release, acquit, satisfy and forever discharge Mortgagee and its affiliates and assignees from any and all claims, counterclaims, defenses, actions, causes of action, suits, controversies, agreements, promises and demands whatsoever in law or in equity which Mortgagors hereafter can, shall or may have against Mortgagee, or its affiliates or assignees, for, upon or by reason of any matter, cause or thing whatsoever through the date hereof arising out of or in connection with the subject matter hereof. In addition, to and without limiting the generality of the foregoing, and in consideration of the Mortgagee's execution of this Agreement, Mortgagors covenant with and warrant unto Mortgagee, and its affiliates and assignees, that all documents referenced herein are all valid, binding and enforceable, and in fact, are in full force and effect and that there exists no claims, counterclaims, defenses, objections, offsets or claims of offsets against Mortgagee or against the obligation of the Mortgagors to pay the indebtedness evidenced by the Note and any collateral documents securing said Note to Mortgagee when and as the same becomes due and payable.

## VIII.  RATIFICATION OF TERMS OF MORTGAGE

The parties hereto do hereby ratify and confirm all of the remaining terms, conditions and covenants contained in the aforesaid Note and Mortgage, and any other loan documents arising hereunder, to the extent that such terms, conditions and covenants do not conflict with the terms, conditions and covenants contained herein. That all remedies provided for in the aforesaid documents upon default by the Mortgagors, unless modified by the within Mortgage Modification and Extension Agreement, shall continue in full force and effect.

## IX. ASSIGNMENT OF RENTS, INCOME AND PROFITS

The existing Mortgage and the Amended Note shall include the following: In the event of a default under the Amended Note and/or Modified Mortgage, and Mortgagors are generating any gross income from the property by virtue of a tenancy or any other arrangement, Mortgagors agree to irrevocably assign and transfer to Mortgagee the right, title and interest of Mortgagor in all existing and future leases and agreements whether or not in writing and any rents and deposits derived and collected therefrom, affecting and pertaining to the use, enjoyment or occupancy of any part of the premises. Mortgagor consents to the entry by Mortgagee, Mortgagee's agent, or court appointed designee, to enter the premises to collect the rents and enforce the leases. Mortgagor further consents and waives opposition to the appointment of a court appointed Receiver in the event the loan is in default.

## X. BINDING EFFECT

This Mortgage Modification and Extension Agreement shall be binding on the parties hereto, their heirs, assigns and personal representatives.

**IN WITNESS WHEREOF**, MERINOR MARC and JACQUELINE MARC and WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V have caused this Mortgage Modification and Extension Agreement to be executed on the day and year first above written.

(See signatures on next page)

Signed, sealed and delivered
in the presence of:

_____
Witness:

_____
MERINOR MARC

_____
Print or Type Name of Witness

_____
Witness:

_____
JACQUELINE MARC

_____
Print or Type Name of Witness

STATE OF FLORIDA       )
                       )ss:
COUNTY OF BROWARD      )

  The foregoing Mortgage Modification and Extension Agreement was acknowledged before me this _____ day of September, 2018 by MERINOR MARC and JACQUELINE MARC, who have produced Driver Licenses as identification or are personally known by me.

_____
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO.:
COMMISSION EXPIRES:

| | |
|---|---|
| Signed, sealed and delivered in the presence of: | MORTGAGEE: |
| | WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES V |
| _____ Witness: | |
| _____ Print or Type Name of Witness | |
| _____ Witness: | BY:_____ RON McMAHAN As its Trust Administrator |
| _____ Print or Type Name of Witness | |

STATE OF CALIFORNIA    )
                       )ss:
COUNTY OF ORANGE       )

The foregoing Mortgage Modification and Extension Agreement was acknowledged before me this ___ day of September, 2018 by RON McMAHAN as Trust Administrator of WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES V who is personally known to me or has produced a Driver's License as identification.

_____
NOTARY PUBLIC
STATE OF CALIFORNIA
COMMISSION NO.:
COMMISSION EXPIRES: